**COX FRICKE LLP**
A LIMITED LIABILITY LAW PARTNERSHIP LLP
RANDALL C. WHATTOFF        9487-0
   rwhattoff@cfhawaii.com
KAMALA S. HAAKE            9515-0
   khaake@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813
Telephone:  (808) 585-9440
Facsimile:  (808) 275-3276

**PERKINS COIE LLP**
SELENA J. LINDE (*Pro Hac Vice*)
      slinde@perkinscoie.com
VIVEK CHOPRA (*Pro Hac Vice*)
      vchopra@perkinscoie.com
STEPHANIE A. VANCIL DE OLIVEIRA (HI Bar No. 011241)
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone:  202.654.6200
Facsimile:  202.654.6211

Attorneys for Plaintiffs
HAWAIIAN ELECTRIC INDUSTRIES, INC.,
HAWAIIAN ELECTRIC COMPANY, INC., and
MAUI ELECTRIC COMPANY, LIMITED

**TOM PETRUS & MILLER LLLC**
RICHARD MILLER
      rmiller@tpm-hawaii.com
ASHLEY SHIBUYA
      ashibuya@tpm-hawaii.com
Finance Factors Center
1164 Bishop Street Suite 650
Honolulu, Hawaii 96813
Telephone: (808) 792-5800
Facsimile: (808) 792-5809

**MOUND COTTON WOLLAN & GREENGRASS LLC**
JEFFREY WEINSTEIN (*Pro Hac Vice*)
    jweinstein@moundcotton.com
EMILIE BAKAL-CAPLAN (*Pro Hac Vice*)
    ebakal@moundcotton.com
One New York Plaza
New York, NY 10004
Telephone: (212) 804-4226
Facsimile: (212) 344-8066

Attorneys for Defendants
XL INSURANCE AMERICA, INC.,
ALLIANZ GLOBAL RISKS US INSURANCE COMPANY,
THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY,
and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HAWAIIAN ELECTRIC INDUSTRIES, INC.; HAWAIIAN ELECTRIC COMPANY, INC.; AND MAUI ELECTRIC COMPANY, LIMITED,<br><br>        Plaintiffs,<br><br>   vs.<br><br>XL INSURANCE AMERICA, INC.; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY; AND GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,<br><br>        Defendants. | CIVIL NO. 1:26-cv-00073-HG-WRP<br><br>**THE PARTIES JOINT RULE 26(f) REPORT OF THE PARTIES**<br><br>Scheduling Conference<br>Date:    May 11, 2026<br>Time:    9:00 a.m.<br>Judge:   Hon. Wes Reber Porter<br><br>Judge:   Hon. Helen W. Gillmor<br>Trial:    None |

2

## THE PARTIES' JOINT RULE 26(f) REPORT

Following their meet-and-confer, Plaintiffs Hawaiian Electric Industries, Inc., Hawaiian Electric Company, Inc., and Maui Electric Company, Limited ("Hawaiian Electric") and Defendants XL Insurance America, Inc., Allianz Global Risks US Insurance Company, The Princeton Excess and Surplus Lines Insurance Company, and General Security Indemnity Company of Arizona (the "Insurers"), hereby submit their Joint Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1.

## I.     MEETING

Counsel for all parties conferred on April 1, 2026, via videoconference. Randall C. Whattoff, Selena Linde, Vivek Chopra, and Stephanie Vancil de Oliveira, participated on behalf of Hawaiian Electric. Ashley Shibuya, Emilie Bakal-Caplan, and Lauren Fitzsimmons participated on behalf of the Insurers.

## II.     DISCOVERY PLAN

Pursuant to Rule 26(f)(3) and Local Rule 26.1, the parties' views and proposals on a discovery plan were discussed:

**Initial Disclosures (Rule 26(f)(3)(A)).** The parties agreed to exchange the information required by Rule 26(a)(1) and Local Rule 26.1(a) within 30 days of the Rule 16 Scheduling Conference on May 11, 2026.

**Scope and Timing of Discovery (Rule 26(f)(3)(B)).** The parties discussed the expected subject matters of discovery.  The parties intend to conduct customary discovery on the claims and defenses and will attempt to resolve any discovery disputes among themselves before bringing them before the Court. The parties agreed that the Court should set discovery deadlines pursuant to the Court's normal practice and its current schedule at the upcoming Rule 16 Scheduling Conference on May 11, 2026.

**Electronic Discovery (Rule 26(f)(3)(C)).**  At this time, the parties do not anticipate any unique issues concerning discovery of electronically stored information. The parties will work cooperatively to attempt to resolve any electronic discovery issues before bringing them before the Court.

**Privilege (Rule 26(f)(3)(D)).**  At this time, the parties do not anticipate any unusual issues concerning claims of privilege or work product.  A stipulated protective order was discussed by the parties, and it was generally agreed that such an order would be appropriate in this case. The parties intend to review the form order promulgated by the Court and anticipate agreeing to a version of that order.

**Limitations on Discovery (Rule 26(f)(3)(E))**.  At this time, the parties do not anticipate any need for changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure.

## III.   OTHER MATTERS

Hawaiian Electric has alleged that, during the relevant time period, it was insured under a commercial property insurance program that included a number of different policies (the "Property Policies").  The Property Policies are written on two distinct policy forms: (1) a form authored by Associated Electric & Gas Insurance Services ("AEGIS") (the "AEGIS Form") and (2) an older form written to insure HEI and its affiliates and subsidiaries (the "HEI Form"). The current Insurer Defendants wrote policies on the HEI Form. A number of additional insurers, who are not currently parties to this case, but who are represented by some of the same counsel as the Insurers, wrote policies on the AEGIS Form (the "AEGIS Insurers"). *See* Compl., ¶¶ 21–24.

Hawaiian Electric is pursuing claims against the AEGIS Insurers, with whom they are currently engaged in dispute resolution processes as required under the AEGIS Form.  If those dispute resolution activities do not resolve the claims against the AEGIS Insurers, then Hawaiian Electric will move to add the AEGIS Insurers to this lawsuit. Hawaiian Electric contends that any deadlines related to adding parties to this case should remain open until a reasonable period after the dispute resolution

process is completed. At the Rule 26(f) meet and confer, counsel for Hawaiian Electric explained the basis for their position, including avoiding duplicative litigation and significantly increasing efficiency for the parties and the Court. The parties agreed to further discuss this issue at the Rule 16 Scheduling Conference.

The Insurers have also been invited to, and have indicated intent to participate in, the ongoing dispute resolution processes with the AEGIS Insurers and Hawaiian Electric.

At the Rule 26(f) meet and confer, counsel for the Insurers reiterated their position that, if the dispute resolution activities with the AEGIS Insurers are not successful, then both the AEGIS Insurers and the Defendant Insurers herein will seek to proceed to  appraisal pursuant to the Appraisal provisions in the AEGIS Form, the HEI Form, and the Insurers' February 6, 2026 appraisal demand. Hawaiian Electric and the Insurers are in disagreement as to which portions of the claim may be subject to appraisal. If dispute resolution activities are unsuccessful, the Parties expect motion practice on this issue.

The Parties also discussed additional early motions practice. The Parties intend to file early dispositive motions for the determination of certain purely legal issues, resolution of which they believe are critical to narrowing the remaining issues and allowing the Parties to settle this dispute.

DATED:  Honolulu, Hawaii, April 15, 2026.

/s/ Randall C. Whattoff
RANDALL C. WHATTOFF
KAMALA S. HAAKE
SELENA J. LINDE (*Pro Hac Vice*)
VIVEK CHOPRA (*Pro Hac Vice*)
STEPHANIE A. VANCIL DE OLIVEIRA

Attorneys for Plaintiffs
HAWAIIAN ELECTRIC INDUSTRIES, INC.,
HAWAIIAN ELECTRIC COMPANY, INC.,
and MAUI ELECTRIC COMPANY, LIMITED

/s/ Ashley Shibuya
RICHARD MILLER
ASHLEY SHIBUYA
JEFFREY WEINSTEIN (*Pro Hac Vice*)
EMILIE BAKAL-CAPLAN (*Pro Hac Vice*)

Attorneys for Defendants
XL INSURANCE AMERICA, INC.,
ALLIANZ GLOBAL RISKS US INSURANCE
COMPANY,
THE PRINCETON EXCESS AND SURPLUS
LINES INSURANCE COMPANY, and
GENERAL SECURITY INDEMNITY
COMPANY OF ARIZONA